FAJARDO *v.* SCHULZE Y CA. ET AL.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 117.—Resuelto en abril 29, 1907.

HONORARICS—MANDATARIO.—No habiéndose probado que el pleito á que se refiere la demanda presentada en este caso, y del cual se deriva la acción ejercitada en el mismo, sobre cobro de honorarios, se siguiera por uno de los demandados como mandatario del otro, no es posible hacer responsable á éste del pago de costas á que fuera condenado el primero, en dicho pleito, y por lo que respecta al demandado que viene obligado á hacer ese pago, como no se ha justificado la cuantía de los honorarios reclamados en este caso, procede declarar sin lugar la demanda.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Texidor.*

La parte apelada no compareció.

EL JUEZ ASOCIADO SR. WOLF emitió la opinión del tribunal.

Pascasio Fajardo estableció demanda en la Corte de Distrito de Mayagüez contra Schulze & Ca., y F. C. Nielsen. Los hechos y súplica de la demanda son los siguientes:

"1. Con fecha 24 de agosto de 1901, la Mercantil Schulze y Ca. en liquidación estableció demanda en juicio declarativo contra la Sucesión de Da. Asunción Castro, esposa que fué de Don Lorenzo Martínez Ohuviñas, en reivindicación de un pedazo de terreno que se pretendía formaba parte de la hacienda de café nombrada Buena Vista, sita en el barrio de Río Cañas, del municipio de Las Marías.

"2. Seguido el pleito por todos sus trámites, se dictó sentencia en primera instancia, declarando sin lugar la demanda, y estableciendo recurso de casación contra la misma para ante el Supremo Tribunal de Justicia de Puerto Rico por Schulze y Ca., en liquidación, se declaró sin lugar, condenando á éstos al pago de las costas del mismo.

"3 Según resulta de la cláusula 5a. de la escritura sobre aclaratoria que acompañó, el Sr. F. C. Nielsen, dueño ya en aquella fecha de la Hacienda Buena Vista, autorizó á los Sres. Schulze y Ca., en liquidación, para establecer la demanda de reivindicación de referencia, haciéndose por este sólo hecho solidario de la demanda y corriendo, en su consecuencia, el riesgo consiguiente á todo actor dentro de la acción deducida.

"4. En el pleito sobre reivindicación establecida por Schulze y Ca., en liquidación, por su propio derecho y como mandatario del Sr. F. C. Nielsen, según resulta de la cláusula 5a. ya citada en la escritura. sobre acta aclaratoria, cuyo testimonio acompaño, llevé ante el Supremo Tribunal de Justicia la representación de la sucesión demandada, y en tal concepto, mi cuenta de honorarios tiene un montante de mil dollars, que no habiéndome sido satisfecho, corresponde pagar á los demandados, Sres. Schulze y Ca., en liquidación y á Don F. C. Nielsen, mandante de los primeros, cumpliéndose así la sentencia del Tribunal Supremo, que condenó á los demandantes Schulze y Ca., en liquidación, al pago de las costas del recurso.

"En su virtud, suplico á la corte se sirva tener por establecida esta demanda y previa citación de los demandados y oída la prueba, dictar sentencia declarando que la ley y los hechos están á mi favor, y, en su consecuencia, condenar á los demandados Schulze y Ca., en liquidación, y F. C. Nielsen, como responsables mancomunadamente de mi cuenta de honorarios, montante á mil dollars, y al pago de la misma con las costas de esta demanda."

1. El demandado Nielsen contestó y expuso que, aun suponiendo que el documento de junio 20, 1901, pudiera interpretarse como un poder, dicho poder no constituye á Schulze y Ca., en representante (mandatario) sino que solamente reconocía el derecho y la obligación de la sociedad vendedora de establecer su título, habiéndose hecho tal reconocimiento á instancia de la firma y no del demandado.

2. Que aún considerando que Schulze y Ca., tuviera amplios poderes para representarlo, dicha autorización sólo habría de referirse á una reclamación judicial en contra de Don Lorenzo Martínez, y no contra la Sucesión de Doña Asunción Castro, sin que el mandatario estuviere facultado para otra cosa que la provista especialmente en el mandato.

3. Que el pleito á que dió origen la reclamación que se pretende, fué iniciado y sostenido sólo y exclusivamente á nombre de Schulze y Ca., en liquidación, y en nada durante su tramitación ni en diligencia alguna aparece el nombre de este exponente.

4. Que aún considerando el acta aclaratoria como un mandato ó poder, sólo podía referirse al pleito entablado ante la

Corte de Distrito de Mayagüez, y nunca podría interpretarse como conteniendo autorización para apelar ante el Tribunal Supremo.

Schulze y Ca., contestó admitiendo todos los hechos de la demanda, con excepción del en que se alega que la cuenta de honorarios del demandante monta á la suma de mil dollars; con excepción también de aquellos hechos tendentes á demostrar la responsabilidad del otro demandado.

En 14 de diciembre, 1906, la Corte de Distrito de Mayagüez dictó sentencia contra el demandante, emitiendo la siguiente opinión:

"*Opinión.*—La corte, después de oir las pruebas y las alegaciones de las partes litigantes, entiende que no se ha demostrado en ninguna forma que la Mercantil Schulze y Ca., en liquidación, hubiera litigado como mandataria de F. C. Nielsen, en el pleito seguido por la primera contra la sucesión de Da. Asunción Castro, de que es consecuencia el presente litigio, pues la cláusula 5ª. del Acta Aclaratoria de fecha 20 de junio de 1901, en que se funda tal apreciación de la parte demandante no contiene sino una simple autorización de Nielsen á Schulze y Ca., en liquidación, para que pudieran gestionar judicialmente el derecho que á estos últimos pertenecía, pero no para que Schulze y Ca., en liquidación, hiciera efectivo acciones ó derechos pertenecientes al autorizante Nielsen, que sería en todo caso en lo que consistiría el mandato; que tampoco se ha probado en ninguna forma que las costas en que fué condenado Schulze y Ca., en liquidación, por la Corte Suprema de Puerto Rico en el pleito á que se refiere la demanda, ascienden á la suma de mil dollars. Por lo tanto, la corte es de opinión que la ley y los hechos están en contra de la demandante y á favor de los demandados, y, en su consecuencia, declara sin lugar la demanda interpuesta, absolviendo de ella á dichos demandados con las costas á la parte demandante, disponiéndose quede sin efecto ni valor alguno el embargo trabado para asegurar la efectividad de la sentencia; que se libre mandamiento al marshal para cumplimiento de esta sentencia y las demás que fueren necesarias."

No se probó ante la corte inferior que el demandado Nielsen hubiera dado poder expreso para entablar pleito á nombre suyo con el fin de recuperar la determinada parcela de terreno

que se trataba de recuperar de la Sucesión de Doña Asunción Castro. Es un hecho que no hay nada que muestre que los procedimientos establecidos y seguidos por Schulze y Ca. fueron hechos ó estaban autorizados por dicho demandado. Por lo tanto, no podemos menos que convenir con la interpretación que ha dado la corte inferior á la cláusula 5ª. del contrato de que sin alguna autoridad ó ratificación por parte del demandado Nielsen, el pleito y sus consecuencias podrían considerarse como afectando solamente á Schulze y Ca. Aparece que el documento alegado no es sino lo que dice el demandado, á saber, un reconocimiento de los derechos y obligaciones de Schulze y Ca. de entregar la finca libre de las reclamaciones pendientes de Lorenzo Martínez.

Con respecto al demandado Schulze y Ca., estamos de acuerdo con la corte en que el demandante dejó de probar que la suma que tenía derecho á exigir, como honorarios, ascendía á mil dollars.

Por estas razones debe confirmarse la sentencia dictada por la corte inferior.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y MacLeary.